# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Joseph Bouchard, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 2:16-cv-1713-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Synchrony Bank, Portfolio Recovery ) | |
| Associates, LLC, Frederick J. Hanna & ) | |
| Associates, P.C., and Cooling & Winter, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendant Synchrony Bank's motion to dismiss Plaintiff Joseph Bouchard's defamation claim (ECF No. 4). For the reasons set forth herein, Synchrony's motion is denied.

## BACKGROUND & PROCEDURAL HISTORY

This action arises out of a dispute over a credit line that Bouchard alleges was improperly opened in his name by after he underwent a surgical operation. Bouchard asserts several causes of action against the various Defendants, but brings only a defamation claim against Synchrony. Bouchard contends that Synchrony maliciously or willfully disseminated false information about his financial obligations, causing damage to his reputation in the community. Synchrony filed its motion to dismiss on June 3, 2016. Bouchard responded on June 20, and Synchrony replied on July 7. Accordingly, these matters are ripe for consideration.

## LEGAL STANDARD

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588

F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated a "two-pronged approach" to test the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the complaint must "contain factual allegations in addition to legal conclusions." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012). Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Second, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff.

*E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, although the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Synchrony contends that Bouchard's state-law defamation claim is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1601 *et seq.* The FCRA contains two preemption provisions which were enacted at different times. *See* 15 U.S.C. §§ 1681h(e), 1681t(b)(1)(F). The first-enacted preemption provision provides:

> *no consumer may bring any action or proceeding in the nature of defamation*, invasion of privacy, or negligence with respect to the reporting of information *against* any consumer reporting agency, any user of information, or *any person who furnishes information to a consumer reporting agency*, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

15 U.S.C. § 1681h(e) (emphasis added). The later-enacted provision provides:

> [n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.

3

15 U.S.C. § 1681t(b)(1)(F). This second preemption provision was enacted in 1996 at the same time that the section it references, § 1681s-2, was enacted. *Smith v. CitiMortgage, Inc.*, No. 3:08cv492, 2009 WL 1976513 at *4 (S.D. Miss. July 7, 2009). The Fourth Circuit has not ruled on how these two provisions should be read together. *See Ross v. FDIC*, 625 F.3d 808, 814 n* (4th Cir. 2010) (declining to rule on how the provisions should interact and noting the variety of approaches taken by various courts).

Synchrony argues that the second preemption provision applies to this case and that it totally preempts all state laws which affect the duties of furnishers of information to credit reporting agencies. The Second and Seventh Circuit Courts of Appeals have embraced this total preemption approach. *See Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45 (2d Cir. 2011); *Purcell v. Bank of Am.*, 659 F.3d 622 (7th Cir. 2011). However, that approach conflicts with the statutory approach, which judges in this Court have embraced. *See Muntean v. Discover Fin. Servs.*, No. 6:13-cv-1151-HMH, 2013 WL 2636003 at *3 (D.S.C. June 12, 2013); *Potter v. FIA Card Servs.*, No. 2:12-cv-1722-RMG, slip op. at 4 (D.S.C. Sept. 28, 2012); *Barnhill v. Bank of Am.*, 378 F. Supp. 2d 696, 704 (D.S.C. 2005). "Courts following the total preemption approach suggest that Congress implicitly repealed § 1681h(e) when it amended § 1681t." *Barnhill*, 378 F. Supp. 2d at 700. As discussed in *Barnhill*, such an interpretation "ignores well-established principles of statutory construction." *Id.*

In contrast, the statutory approach "conclude[s] that Congress intended §§ 1681t and 1681h(e) to work concurrently to preempt different state laws. The statutory approach construes § 1681t as preempting only state statutory causes of action, with § 1681h(e) preempting some state common law causes of action." *Barnhill*, 378 F. Supp. 2d at 703. Judge Herlong has held that the canons of construction and the plain meaning of the FCRA support the statutory

4

approach.  *See id.*  Also, while the Fourth Circuit has not directly addressed the conflicting approaches, "the vast majority of the district courts within the Fourth Circuit" have used the statutory approach.  *Jackson v. Ocwen Loan Servicing, LLC*, No. 3:15cv238, 2016 WL 1337263 at *10 (E.D. Va. Mar. 31, 2016); *see also Barnhill*, 378 F. Supp. 2d at 703–04.  Absent direction to the contrary from the Fourth Circuit, the Court sees no reason to depart from the well-reasoned statutory approach employed by this district and by the vast majority of district courts in this circuit.

Because Bouchard's defamation claim is a claim under South Carolina common law, it implicates § 1681h(e).  As highlighted above, § 1681h(e) provides that "no consumer may bring any action or proceeding in the nature of defamation . . . against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."  Accordingly, Bouchard's claim is preempted unless he has sufficiently alleged that Synchrony's furnishing of his credit information was done with malice or willful intent to injure him.  In his complaint, Bouchard alleges "Defendants' false reports and furnishings of information to the effect that Plaintiff owed money was done with malicious intent, that intent specifically being to coerce Plaintiff to pay money he did not owe." (Compl., ECF No. 1-1, at 5.)  This allegation removes Bouchard's claim from the ambit of §1681h(e).

Synchrony attacks the sufficiency of these allegations.  However, Synchrony did not raise that argument until it filed its reply.  An argument raised for the first time in a reply brief or memorandum will not be considered.  *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006).  Accordingly, the Court will not consider Synchrony's contention that Bouchard did not plausibly allege malice or willful intent.

5

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Synchrony's motion to dismiss is **DENIED**.

    **AND IT IS SO ORDERED.**

                                                   PATRICK MICHAEL DUFFY
                                                   United States District Judge

**July 14, 2016**
**Charleston, South Carolina**